[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-15574
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00264-CV-4-SPM-AK

ROBERT LEE WILLIAMS, IV,

Petitioner-Appellant,

versus

WALTER A. MCNEIL, as Secretary Department of
Corrections State of Florida,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 17, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Lee Williams, IV, a Florida prisoner convicted of two DUI felony charges, filed the present habeas corpus petition alleging, among other things, that his trial counsel was constitutionally ineffective by failing to inform the trial court that a juror improperly communicated with his family during his trial. The district court denied his 28 U.S.C. § 2254 habeas petition, finding that his claim was factually and legally meritless. For reasons set forth below, we affirm.

I.

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254 and its factual findings for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). A habeas petition based on ineffective assistance of counsel presents "a mixed question of fact and law requiring application of legal principles to the historical facts of the case." Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995).

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). Here, the district court apparently

assumed that the state court failed to address Williams's ineffective assistance claim although he properly raised it. Therefore, the district court apparently assumed that the present controversy falls outside of § 2254(d)(1)'s requirement that we defer to state court decisions that are not contrary to, or an unreasonable application of, clearly established federal law. Davis v. Sec'y for Dept. of Corrections, 341 F.3d 1310, 1313 (11th Cir. 2003). Thus, the district court denied Williams' claim on the merits. On appeal, the State does not argue that there should be deference to the state court decision. Accordingly, we too address the merits without the ordinary deference.

In order to prove ineffective assistance of counsel, a defendant must overcome the strong presumption that his counsel's performance was "within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984). If he overcomes this presumption, the petitioner must also affirmatively prove that, but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Johnson v. Alabama, 256 F.3d 1156, 1177 (11th Cir. 2001) (requiring proof of attorney error so "egregious that the trial was rendered unfair and the verdict rendered suspect.").

The district court correctly denied Williams' §2254 petition. For purposes

of this opinion, we accept Williams' allegation that his attorney was aware of the alleged juror contact to Williams' family, and that the gist of the contact was as follows:

> After the jury was seated at one point during a break, a black female juror came over to where we were standing and asked [petitioner's] parents if he was their son. Then she said, "I know how it feels, my boy is in prison. You folks got nothing to worry about."

The gist of Williams' argument is that his trial attorney had an ethical duty to report the juror contact to the court, and that his failure to do so constituted ineffective assistance of counsel.

We agree with the district court that Williams' allegations failed to establish deficient performance. The juror's alleged communication to Williams' family obviously suggested to counsel that the juror was favorable to the defense. The attorney's failure to report same to the court may have violated an ethical duty to the court, but it was not an action against the best interest of the client such as to rise to the level of ineffective assistance of counsel. In a very similar situation, the Third Circuit so held:

> If counsel breaches a duty *to the court*, this does not necessarily mean that the representation of *his client* was ineffective. Assuming that Joseph did violate some ethical duty to the court that would warrant disciplinary sanctions *against him*, that breach would provide no justification for a remedy that would, in effect, impose a sanction *upon the government*. Indeed, we believe that overturning a conviction in a situation of this kind on the basis of counsel's breach

4

of an ethical duty to the court would create a perverse incentive for defense counsel to "build in" reversible error for their clients by violating their duties as officers of the court.

Government of Virgin Islands v. Weather Wax, 77 F.3d 1425, 1438 (3rd Cir. 1996) (emphasis in original).  See also United States v. Jones, 597 F.2d 485, 489 n.3 (5th Cir. 1979) ("Another line of cases forcefully shows the relevance of a defendant's knowledge or lack of knowledge before the verdict of jury tampering.  These cases teach that a defendant cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that conduct.").

Because we conclude that Williams cannot establish deficient performance, we need not address the prejudice prong.

Accordingly, the judgment of the district court is

**AFFIRMED.**[1]

---

[1]     Williams's request for oral argument is denied.